

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 22, 2017

Brett H. Ludwig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| IN RE: | John Larry Payne, | Case No. 17-25504 |
| | Debtor. | Chapter 13 |

### DECISION AND ORDER

On June 2, 2017, the debtor, proceeding *pro se*, filed a voluntary petition for relief under Chapter 13. A few weeks later, on July 14, 2017, the debtor filed a Notice of Removal, seeking to remove a foreclosure action filed by the State of Wisconsin, Department of Health Services ("DHS") from the Milwaukee County Circuit Court to this court. The foreclosure action had already proceeded to default judgment before the debtor filed his bankruptcy petition.

On July 17, 2017, DHS filed a Motion for Mandatory Abstention, asking this court to remand the foreclosure action to state court.[1] The debtor objected to the motion and requested a hearing. On September 6, 2017, the court held a hearing on DHS's motion and its objection to the debtor's Chapter 13 plan. The debtor appeared *pro se*, DHS appeared by F. Mark Bromley, and the Chapter 13 trustee appeared by Robert Stack. The Chapter 13 trustee did not take a position on DHS's motion. The court sustained the objection to confirmation and gave the debtor 30 days to file an amended plan. (ECF Doc. 42, Court Minutes and Order entered 9/11/2017). The court took DHS's abstention motion under advisement.

Based on the submissions of the parties and items of record, the court concludes that mandatory abstention is required. Accordingly, the court grants DHS's motion for abstention and remands the foreclosure proceeding to the state court. Moreover, even if the circumstances

---

[1] DHS later filed an Amended Motion for Mandatory Abstention, adding a specific citation to 28 U.S.C. §1334(c)(2) as a basis for its request for relief.

did not mandate abstention, this court would exercise its discretion and permissibly abstain from hearing the foreclosure dispute.[2]

## BACKGROUND

The relevant background is not disputed. When the debtor filed this bankruptcy case, he was already involved in litigation with DHS over a $24,450.00 Medicaid Estate Lien ("Medicaid Lien") that DHS asserts against real estate previously owned by the debtor's parents. That litigation ultimately resulted in the state court entering Findings of Fact, Conclusions of Law, and a Default Judgment of Foreclosure on April 12, 2016. The judgment of foreclosure was entered on April 29, 2016.

The Medicaid Lien resulted from a stipulation between Evelyn Payne, the debtor's mother, and DHS that resolved a dispute over Medicaid benefits received by John O. Payne, the debtor's father. After John O. Payne died, DHS attempted to recover $123,427.27 in Medicaid benefits from his estate. The debtor's mother (and surviving spouse of John O. Payne) objected to DHS's claim for recovery of the benefits. To resolve that dispute, she and DHS stipulated to the denial of DHS's claim in favor of the Medicaid Lien, which they further agreed would attach to real estate owned by John O. and Evelyn Payne and would be paid in full upon Evelyn Payne's death. The Medicaid Lien was recorded with the Milwaukee County Register of Deeds on July 26, 2002, as Document No. 8320127.

On November 29, 2010, Evelyn Payne died. On December 14, 2012, the property subject to the Medicaid Lien was transferred to the debtor, John Larry Payne. On May 1, 2015, DHS filed a foreclosure action, *State of Wisconsin v. John L. Payne*, No. 15-CV-3711 (Cir. Ct. Milw. Co.), against the debtor. After finding the debtor had been duly served with the summons and complaint, the state court granted DHS's motion for default judgment of foreclosure. The court found the sum of $24,450 was due and owing DHS by virtue of the Medicaid Lien, along with $337.00 for costs and disbursements.

---

[2] 28 U.S.C. §1334(c)(1) provides: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Here, the interests of justice and comity compel abstention. The state court forum is clearly more convenient than the federal forum, as the state court has administered the foreclosure action for over two years and the matter is near completion. More importantly, the state court has already made rulings and entered a judgment, and comity weighs heavily in favor of this court deferring to the state court's continued handling of the matter.

## ANALYSIS

### I. Removal Jurisdiction

The foreclosure action is before this court because the debtor has invoked the court's removal jurisdiction under 11 U.S.C. §1452(a). Section 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action" in a state court "to the district court for the district where such civil action is pending," if 28 U.S.C. §1334 provides the district court with jurisdiction over the claim or cause of action. Section 1334 provides federal district courts with exclusive jurisdiction over all "cases" arising under Title 11, and original, but not exclusive, jurisdiction over all "civil proceedings arising under title 11, or arising in or related to cases under title 11."

Congress has separately authorized district courts to refer removed matters to the bankruptcy courts. Under 28 U.S.C. §157(a), the district court can refer a removed matter to the bankruptcy court if the district court has jurisdiction of the matter under 28 U.S.C. §1334. Under the United States District Court for the Eastern District of Wisconsin's Order of Reference, removed matters related to bankruptcy cases are referred to this court. *See* Order of Reference (E.D. Wis. July 16, 1984).

Whether this court has removal jurisdiction over the foreclosure action thus depends on whether there is jurisdiction over the matter under 11 U.S.C. §1334. There is no exclusive federal jurisdiction over the removed foreclosure action. It is not a case arising under Title 11; it is a state-law collections proceeding. But the removed foreclosure action is within the federal court's non-exclusive "related to" jurisdiction. The outcome of the foreclosure action could have an impact on real estate that is part of the debtor's estate, making it related to his bankruptcy case. *See Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1985) (proceeding related to bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987) (dispute related to bankruptcy case when "it involves the identification of the bankrupt's property interests"). Removal jurisdiction therefore exists.

The existence of non-exclusive "related to" federal jurisdiction over the removed matter does not mean this court can or should exercise that jurisdiction. Under the mandatory abstention doctrine, codified in 28 U.S.C. §1334(c)(2), the court is required to abstain and remand the case to state court, if certain conditions are met. Because the foreclosure proceeding here falls squarely within the types of matters covered by the mandatory abstention doctrine, the foreclosure case must be remanded to state court.

## II. Mandatory Abstention

Citing 28 U.S.C. §1334(c)(2), DHS argues that the court must abstain from adjudicating the foreclosure dispute. This statute requires the court to abstain from hearing some matters, even if they would otherwise be subject to the court's removal jurisdiction:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c)(2).

The record shows all five of the statutory criteria are met. Accordingly, the court agrees with DHS that mandatory abstention is required as a matter of law.

The first requirement is that a party to the proceeding has timely filed a motion for abstention. That requirement is plainly satisfied here. The debtor filed his Notice of Removal on July 14, 2017, and DHS filed its Motion for Abstention on July 17, 2017. A motion filed three days after removal of the case from state court is unquestionably timely.

The second requirement is that the action involve purely state law questions. That prong is also satisfied. The foreclosure action concerns only state law claims – Wis. Stats. Ch. 846 Real Estate Foreclosure; Wis. Stats. Ch. 49 Public Assistance and Children and Family Services; Wis. Admin. Code Ch. DHS 108 General Administration.

The third requirement is that the removed action be "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." 28 U.S.C. §1334(c)(2). As discussed in connection with the analysis of the court's removal jurisdiction, the foreclosure action merely relates to title 11; it does not arise under the bankruptcy code. The Seventh Circuit has recognized that a foreclosure action does not invoke any provision of title 11 and does not arise in a case under title 11 because a foreclosure action is based on rights created by state law, but may be related to a bankruptcy case. *Matter of Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991). The foreclosure action is at most a non-core, related proceeding, because its outcome could augment or diminish the debtor's estate. *See In re Best*, 417 B.R. 259, 271 (Bankr. E.D. Pa. 2009).

The fourth requirement is that the action could not have been commenced in federal court "but for" its relation to the bankruptcy case. The foreclosure lawsuit plainly satisfies that condition too. There is no diversity or other independent basis for federal jurisdiction. No federal causes of action were plead in state court, and accordingly the fourth prong of mandatory abstention is met.

The fifth requirement is that an action "is commenced" and can be "timely adjudicated" in a state forum of appropriate jurisdiction. 28 U.S.C. §1334(c)(2). That condition is also satisfied here. Prior to the Notice of Removal, the foreclosure proceeding was pending in the state court, albeit subject to the automatic stay, and the state court proceeding had already reached judgment. The state court, having handled the foreclosure matter for two years, can more timely adjudicate the matter than the bankruptcy court, which would have to begin anew. Whether the debtor has exhausted or relinquished all of his rights and remedies under state law – namely, the foreclosure provisions in Wis. Stat. Ch. 846 and the hardship waiver provision of the medical assistance recovery program, Wis. Admin. Code § DHS 108.02(12) – is best left to the state court to determine.

None of the debtor's arguments refute the clear applicability of the mandatory abstention doctrine and statute. The debtor first argues that DHS's motion should be denied because the authority that DHS relies on only authorizes discretionary abstention, not mandatory abstention. That contention is wrong. DHS's initial and amended motions both request "mandatory abstention," and, indeed, the amended motion specifically cites to 28 U.S.C. §1334(c). The debtor next offers the conclusory statement that "there is no factual or legal basis for either discretionary or mandatory abstention." That assertion is also wrong. As explained above, this case fits squarely within the requirements of the mandatory abstention statute. The debtor's remaining challenges go to the merits of the foreclosure proceeding and do not affect the abstention analysis. Those arguments, if appropriate, need to be made to the state court.

In sum, the foreclosure proceeding belongs in state court.

THEREFORE, IT IS ORDERED, pursuant to 28 U.S.C. §1334(c), the proceeding, *State of Wisconsin v. John L. Payne*, No. 15-CV-3711 (Cir. Ct. Milw. Co.), is remanded to state court.

# # # # #